LABARGA, J., concurring.
I concur with the majority opinion. However, I write to strongly urge judges not to participate in Facebook. For newly elected or appointed judges who have existing Facebook accounts, I encourage deactivation of those accounts.[4] As explained by the majority, "friendship" on Facebook, without more, does not create a legally sufficient basis for disqualification. Rather, the unique facts and circumstances of each case, in addition to the base fact of "friendship," are what will determine whether disqualification is required.
Nevertheless, as noted by the dissent, participation in Facebook by members of the judiciary "is fraught with risk that could undermine confidence in the judge's ability to be a neutral arbiter." Dissenting op. at 900. This is deeply concerning because judges are to decide cases solely upon the facts presented to them and the law. The public and the parties expect nothing less. Therefore, judges must avoid situations that could suggest or imply that a ruling is based upon anything else. Facebook "friendships" fall across a broad spectrum, from virtual stranger to close, personal friend. Because the relationships between judges and attorneys can fall anywhere on that spectrum, judges who elect to maintain Facebook "friendships" with attorneys who have any potential to appear before them are, quite simply, inviting problems. The Honorable Catherine Shaffer, a superior court judge in Washington State and current president of the American Judges Association, aptly states that while judges must decide for themselves whether to participate in social media "with a careful eye to the ethical requirements *900 of their own jurisdiction," she "steer[s] clear" of it because "misperception is all too easy." Are Facebook Friends Really Friends? National Center for State Courts (Aug. 29, 2018), available at https://content.govdelivery.com/accounts/USNCSC/bulletins/209842b.[5]
I recognize that in this day and age, Facebook may be the primary means some judges use to stay in touch with family members, actual friends, or people with whom they have reconnected after many years. If this is the case, then at the very least, judges should carefully review their Facebook accounts and limit their "friendships" to cover only such individuals. However, I agree with Judge Shaffer that the safest course of action is to not participate in Facebook at all.

When a person assumes the significant responsibility of serving as a member of the judiciary, they must "accept restrictions on [their] conduct that might be viewed as burdensome by the ordinary citizen and should do so freely and willingly." Fla. Code Jud. Conduct, Canon 2A cmt. The dissent is absolutely correct that "public trust in the impartiality and fairness of the judicial system is of the utmost importance." Dissenting op. at 904.

Judge Shaffer also expressed the belief that "it is extraordinarily difficult to prevent improper ex parte contacts." Are Facebook Friends Really Friends? National Center for State Courts (Aug. 29, 2018), available at https://content.govdelivery.com/accounts/USNCSC/bulletins/209842b.